ELLIS *v.* CITIZENS' STATE BANK.

Opinion delivered October 29, 1928.

*Caraway, Baker & Gautney,* for appellant.

*O. H. Hurst,* for appellee.

KIRBY, J., (after stating the facts). The court erred in directing a verdict against appellant, as contended. The justice of the peace had rendered a judgment against the garnishee bank, directing the payment of money due from it to the drawer of the check into the court for satisfaction of the amount due on the check. It also adjudged C. B.

Gregg, the interpleader, was entitled, as against appellee herein, to payment of this money, which was ordered to be done.

The cashier of the garnishee bank testified that the money in satisfaction of the judgment against it as garnishee had been paid into court, upon the order of the justice, in payment of the amount the check was drawn for, and charged up to the account of Ellis, appellant.

Appellant here did not complain of being aggrieved by the judgment of the justice of the peace, nor did he attempt to appeal therefrom. The justice decided, in effect, that he owed the amount of the check to the holder of it, and directed its payment by the garnishee, who did pay the money into the court in accordance with the order, and charged it against this appellant's account.

The suit having been brought upon the check, purporting to have been executed by appellant, and the signature not having been denied under oath, the cause could have been proceeded with, whether the plaintiff appeared or not; the justice having heard it on the interplea and determined that Gregg, the interpleader, was entitled to the amount of the check, as against the plaintiff in the suit, and ordered same paid to him by the garnishee, he necessarily could not dismiss the suit for want of prosecution so as to prevent the plaintiff in such suit from taking an appeal therefrom without moving to set aside the judgment of the justice of the peace. Sections 6444, 6445, 6448, C. & M. Digest.

The circuit court did not err therefore in overruling the motion to dismiss the appeal, but erred in directing a verdict against the appellant, since no appeal bond had been given in the justice court, and the money due from appellant upon the check had been paid by the garnishee by the order of the court and charged against appellant's account. The controversy in the circuit court was not therefore between the bank and the appellant, but between it and the interpleader, who had won the suit in the court below. The court had the right

to direct the verdict, but not against the appellant, whose liability upon the check had been discharged by payment by the garnishee of the amount to the interpleader, who was adjudged entitled to recover it.

The judgment will accordingly be reversed, and the cause as to appellant dismissed. It is so ordered.